IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

William Collins, III                              )
1725 Monument Rd.                                 )
Myersville, MD 21773                              )
                                                  )
          Plaintiff                               )
                                                  )   CIVIL ACTION NO:   1:23-cv-42
                                                  )
v.                                                )
                                                  )
Merrick B. Garland, Attorney General              )
        of the United States,                     )
                                                  )
Steven Dettelbach, Director                       )
        Bureau of Alcohol, Tobacco,               )
        Firearms and Explosives,                  )
                                                  )
Lt. Col. Roland L. Butler, Jr., Acting            )
Secretary, Maryland State Police                  )
                                                  )
Anthony G. Brown                                  )
        Maryland Attorney General                 )
                                                  )
        Defendants                                )

**COMPLAINT**

    Plaintiff, William Collins, III, sues the Defendants pursuant to the Second and Fourteenth

Amendments of the United States Constitution, and for his cause of actions states:

THE PARTIES

1.      Plaintiff, William Collins III [hereinafter "Plaintiff"], is an adult natural person, a lifelong resident of Maryland, and a citizen of the United States.  Mr. Collins presently intends to purchase and possess a handgun for lawful purposes but is prevented from doing so only by Defendants' active enforcement of the unconstitutional policies that are the subject of the present action.

2.      Defendant Merrick B. Garland is sued in his capacity as the Attorney General of the United States.  As Attorney General, Garland is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies that are the subject of this Complaint.

3.      Steven Dettelbach is sued in his capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE").   As Director of BATFE, Dettelbach is responsible for executing and administering the laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies that are the subject of this Complaint.

4.      Defendant, Roland L. Butler, Jr. serves as the Acting Secretary of the Maryland State Police ("MSP").  As Secretary, he is responsible for enforcing the Maryland State laws that are the subject of the present Complaint, specifically: the statutes pertaining to Handgun Qualification Licenses ("HQL") that Maryland residents are required to possess prior to being eligible to purchase, own or possess a handgun for self-defense.

5.      Anthony G. Brown is sued in his capacity as the Attorney General for Maryland. As Attorney General, Brown is responsible for executing and administering the laws, customs, practices and policies of the State of Maryland, and is presently enforcing the laws, customs, practices and policies complained of in this action.


JURSIDICTION

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (1) because the plaintiff resides in the judicial district of Maryland.


STATEMENT OF FACTS

Plaintiff

8.      William Collins, III is a forty-six year old male resident of Frederick County Maryland. He is not under indictment, has never been convicted of a felony or a misdemeanor crime of violence, or domestic violence. He is not a fugitive from justice or been adjudicated a mental defective or committed to a mental institution. He has not been dishonorably discharged from the Armed Forces, has never renounced his U.S. citizenship, and has never been the subject of a restraining or peace order.  He is not a terrorist and has never engaged in terrorism, nor sympathized with any terrorist organization. He is not an unlawful user of, or addicted to, any controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802).

9.      Plaintiff Collins has since 2001 been gainfully employed, he is married and raising his children.   He is an avid outdoorsman and hunter.

10.      On June 7, 1997, Collins was twenty-one years old and arrested for Driving While Intoxicated (DWI) under section 21-902(b) of the Maryland Transportation Article. After he was pulled over by police in Frederick County, Maryland, Collins fled the vehicle on foot, was quickly apprehended, and so was additionally charged with Resisting Arrest under section 9-408 of the Maryland Criminal Law Article. This crime does not contain as an element violence or violent behavior; however, it carries a maximum sentence of three years and/or a $5,000 fine. On January 23, 1998, Collins pleaded guilty to DWI and Resisting Arrest.

11.      One December 21, 2001, Collins was arrested on a charge of DWI as well as Possession of a Controlled Dangerous Substance pursuant to (current) § 5-601 of the Maryland Criminal Law Article. This was a first offense and as such is classified in the State of Maryland as a misdemeanor and on conviction is subject to imprisonment not exceeding 1 year or a fine not exceeding $5,000 or both. Maryland Criminal Article, section 5-601(c)(1).  Collins received a one year suspended sentence and a $500 fine.

12.      Collins has had since 2001 no other run-ins with the criminal justice system of any state, territory, or foreign country.

13.      Individually, both criminal convictions could be expunged from public record, and to information and belief the Resisting Arrest conviction has been removed from the State public records.   Pursuant to § 5-101(b)(2)(ii) of the Maryland Public Safety Article, expungement would render both criminal charges as *non-disqualifying convictions* for purposes

of denying Collins's HQL application or his right to possess a handgun and any other regulated firearm.

14.     However, pursuant to the Maryland Criminal Procedure Article § 10-110(d)(3) the CDS possession charge was ineligible for expungement because it arose out of the same incident as an alcohol related traffic conviction.

15.     On June 19, 2022, Collins applied to the Maryland State Police ("MSP") for a Handgun Qualification License ("HQL") to purchase and possess a handgun for self-defense and other lawful purposes and pursuant to §§ 5-117 and 5-117.1 of the Maryland Public Safety Article.

16.     The MSP acknowledges that Collins had truthfully indicated on his application that he had been convicted in Maryland of a misdemeanor that carries a penalty of more than two years (Resisting Arrest). MSP also noted Collins owned several non-regulated firearms, multiple lawful hunting licenses, and had "multiple deer harvests with a rifle. The most recent…recorded on 11/28/2021."

17.     On January 19, 2022, the MSP Gun Enforcement Unit seized all of Collins' non-regulated firearms and continue to maintain them.[1]

18.     On June 30, 2022, the Maryland State Police denied Collins' HQL application based on the convictions for Resisting Arrest and CDS Possession.  On October 26, 2022, the Maryland Office of Administrative Hearings (OAH) heard Plaintiff's appeal of the MSP's denial and on December 12, 2022, upheld the denial after finding that the CDS possession charge was a felony conviction, and because the Resisting Arrest charge carried a potential sentence of more

---

[1] Collins had in 2021 applied for the first time for an HQL which was denied and apparently prompted the confiscation of his non-registered weapons. He reapplied for an HQL, the disposition of which is presently at issue.

than one year, thus and rendering Collins ineligible pursuant to §§ 5-101(g) and 5-133(b)(1) of the Maryland Public Safety Article, and 18 USC § 922(g)(1).

19.     § 5-133 of the Maryland Public Safety Code prohibits Maryland residents from possessing a handgun (i.e., "regulated firearm"), a shotgun, or a rifle, if the person has been convicted of a "disqualifying crime." §§ 5-133(b)(1) and 5-205(b)(1), Maryland Public Safety Article.   A "disqualifying crime" is defined in relevant part as "a violation classified as a misdemeanor in the State [Maryland] that carries a statutory penalty of more than 2 years."  § 5-101(g)(3).

20.     Collins's non-violent misdemeanor conviction disabled him from possessing firearms pursuant to § 5-133 of the Maryland Public Safety Article and 18 U.S.C. §922(g)(1) as defined by 18 USC 921(a)(20)(B).

21.     Collins is a responsible, law-abiding citizen of the United States who has no history of violent behavior, conduct, or convictions that would remotely suggest that he would pose any more danger to the community by possession of a firearm than would any other law-abiding U.S. citizen.

22.     Collins has exhausted all administrative remedies by having appealed to the Maryland Office of Administrative Hearings the MSP denial of his HQL license, and this complaint is timely filed.

## COUNT ONE

## 42 U.S.C. § 1983 INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF:

## RIGHT TO KEEP AND BEAR ARMS PURSUANT TO THE UNITED STATES

## CONSTITUTION, AMENDMENTS SECOND AND FOURTEENTH

23.     The allegations and averments contained in paragraphs 1 through 22 are incorporated as though fully set forth herein.

24.     The operative clause of the Second Amendment confirms that an American citizen's "right to keep and bear arms, shall not be infringed."  The United States Supreme Court in *District of Columbia, et. al. v. Heller*, determined this right to be an individual right.  554 U.S. 570 (2008).  In *McDonald v. Chicago*, the U.S. Supreme Court further determined that the Fourteenth Amendment makes the Second Amendment right to keep and bear arms for the purpose of self-defense applicable to the states.   561 US. 742 (2010).

25.     Collins is a responsible, law-abiding United States citizen who has no history of violent behavior or any other conduct that would suggest that he poses a danger to the community should he possess a firearm.  He is unlikely to act, and there is no reasonable indicator to believe he would act, in a manner dangerous to public safety, and during the twenty-two years subsequent to his conviction for "disqualifying crime" of CDS possession for which he served no time and only received a fine, he has not engaged in any unlawful activity. His possession of a firearm now would not be contrary to the public interest in public safety. Similarly, his arrest and conviction for Resisting Arrest by fleeing the scene after being pulled over for an alcohol related traffic violation in 1997 at the age of 21 does not, particularly after

the passage of more than 24 years, reasonably result in the conclusion that Collins is now a danger to the community and should thus be deprived of his Second Amendment rights.

26.     On account of Collins's unique personal circumstances, including but not limited to the non-violent nature of his non-disqualifying CDS crime and his prior conviction for Resisting Arrest when he was 21 years old, his subsequent law-abiding conduct during the subsequent twenty years since the CDS conviction and twenty-four years since the Resisting Arrest conviction, and the lack of any evidence that his possession of a firearm would pose any danger to the public, it is unconstitutional to apply against him, personally, the firearms prohibitions contained in §§ 5-133(b)(1), 5-144, and 5-205(b)(1) of the Maryland Public Safety Article and 18 USC § 922(g)(1) and deny him his right to possess a handgun in Maryland or any other firearm, regulated or unregulated, for use in self-defense, sport, or any other lawful purpose.

**WHEREFORE,** Plaintiff requests that judgment be entered in his favor and against all Defendants as follows:

A.     Declaratory relief to the effect that application of §§ 5-133(b)(1), 5-144, and 5-205(b)(1) against Collins, on account of his 1998 and 2002 convictions, violates the Second and Fourteenth Amendments to the United States Constitution; and

B.     An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing §§ 5-133(b)(1), 5-144, 5-205(b)(1), or 18 U.S.C. 922 against Collins on account of his two non-violent criminal convictions; and

C.     Award attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

D.      Award costs of suit; and

E.      Order that MSP return Plaintiff's unregulated firearms immediately or compensate him for their loss; and

F.      Any other further relief as the Court deems just and appropriate.

## COUNT TWO

## RIGHT TO KEEP AND BEAR ARMS PURSUANT TO THE UNITED STATES CONSTITUTION, AMENDMENTS SECOND AND FOURTEENTH

27.     The allegations and averments contained in paragraphs 1 through 2 are incorporated as though fully set forth herein.

28.     §§ 5-133(b)(1), 5-144, and 5-205(b)(1) of the Maryland Public Safety Article are facially unconstitutional as they do not differentiate between violent and non-violent offenders. The statute categorically takes away the right to bear arms from all residents convicted of a crime punishable by more than two years imprisonment without regard to the violent or non-violent nature of the crime.  Maryland's prohibitions include a wide array of non-violent misdemeanors that are in no way dispositive or demonstrative of whether or not a citizen should be deprived of his or her right to bear arms under the Second Amendment with the safety of the community in mind.  As the Maryland statute offers no means of restoring the right to bear arms after a conviction for these type misdemeanors, the result is a permanent bar to owning a handgun or long gun.

29.     § 5-101(g)(1) further includes a "crime of violence" as a separate disqualifying crime, and § 5-101(c) outlines eighteen offenses considered as crimes of violence.  Thus § 5-133(b)(1) is overbroad and only adds to the prohibition those non-violent crimes that have a penalty of more than two years.

**WHEREFORE,** Plaintiff requests that judgment be entered in his favor and against Defendants Roland and Brown as follows:

A.      Declaratory relief that application of §§ 5-133(b)(1), 5-144, and 5-205(b)(1) of the Maryland Public Safety Article violates the Second and Fourteenth Amendments to the United States Constitution; and

B.      Award attorneys fees and costs pursuant to 42 U.S.C. § 1988; and

C.      Award costs of suit; and

D.      Order that MSP return Plaintiff's unregulated firearms immediately or compensate him for their loss; and

E.      Any other further relief as the Court deems just and appropriate.

Respectfully Submitted,                                                01/06/2023

*Marc Schifanelli*
Marc D. Schifanelli
Bar No.: 27753
P.O. Box 1023
Stevensville, Maryland 21666
240-882-2402